Lawrence E. Kahn, J.
In this proceeding, petitioner seeks support from respondent for their infant daughter who will reach majority age of 21 in October, 1977. Said daughter is now completing her senior year in college and will graduate in June, 1978. Petitioner requests that this court extend respondent’s obligation of child support beyond age 21 until their daughter graduates from college. Respondent moves to dismiss said petition on the ground that the law of New York State does not obligate a parent to support a child over 21 years of age.
Section 413 of the Family Court Act provides: "The father of a child under the age of twenty-one years is chargeable with the support of his child”. (Emphasis supplied.)
Section 416 of the Family Court Act outlines the elements of support which includes "the expenses of education” as a proper and reasonable element of child support.
Petitioner urges that college education expenses are included as a support obligation even beyond the age of 21 years. To support this contention, petitioner cites several cases. However, these cases are inapplicable to the case at hand. Before the court can even consider the question of whether college expenses are an element of support obligation as provided under section 416, there must first be a determination under section 413 as to whether the child by virtue of his or her attaining a particular age, is still eligible to receive such moneys. The cases cited by petitioner did not resolve that issue.
Section 413 clearly limits a parent’s obligation of support to a child under the age of 21 years. While respondent may have a moral obligation to see his child through these final months of college, the law does not require him to do so. This court cannot legislate such a change and thus open the door to further kinds of parental support obligations beyond age 21. There is sound basis for this legal limitation of support. While a college education may be an essential ingredient to a successful and fulfilling career, it is not a vital aspect to the support of a child beyond age of 21. At that age, a child should become a self-sufficient adult and can make his or her own *577 arrangements for school or for any other living plans. For example, with college loans, scholarships and employment opportunities, many less financially able students find the means to pay their own way through college.
It should be noted that parents themselves can agree to provide full college and even postgraduate college expenses for a child in a separation agreement and be legally bound to meet such support obligations. In the case at bar, there is a separation agreement, but such agreement makes no mention of college support and in fact specifically states that respondent’s support shall continue "until such time as the youngest child shall either become of age or shall have previously married.”
Accordingly, the petition is hereby dismissed.